IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FLINT B. EDWARDS and CARLYNE DESIR,   Case No.: 8:25-cv-2877-KKM-SPF

Plaintiffs,
v.

DE CUBAS & LEWIS, P.A., and Pratik R Patel,
    Defendants.
_____/

OCT 22 2025 AM 11:11
FILED - USDC - FLMD - TPA

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, Plaintiffs Flint B. Edwards and Carlyne Desir ("Plaintiffs"), proceeding pro se, and bring this Verified Complaint against Defendants De Cubas & Lewis, P.A. ("Firm") and Pratik R Patel ("Patel") for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 et seq., and fraud. Plaintiffs request the Court's indulgence as pro se litigants. See Haines v. Kerner, 404 U.S. 519 (1972).

I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) for FDCPA claims and 28 U.S.C. § 1367 (supplemental jurisdiction) for FCCPA and fraud claims.
2. Venue is proper under 28 U.S.C. § 1391(b) as Defendants conduct business in this district, and the events occurred in Hillsborough County, Florida.

II. PARTIES

3. Plaintiffs Flint B. Edwards and Carlyne Desir are "consumer" is defined by 15 U.S.C. §1692a(3) as "any natural person obligated or allegedly obligated to pay any debt or personal, family, or household purposes.
4. Defendant De Cubas & Lewis, P.A. is a Florida law firm, acting as a debt collector under 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).
5. Defendant De Cubas & Lewis, P.A. is a Florida professional association engaged in the regular business of debt collection through foreclosure litigation.
6. Defendant Pratik R Patel is an attorney at De Cubas & Lewis, P.A., acting as a debt collector under 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).
7. This Court has personal jurisdiction over Pratik R Patel, the Defendant and subject matter of this action. Defendant Pratik R Patel is individual over the age of eighteen (18), years of age upon information and belief is not in the military.
8. Defendant Pratik R Patel is an attorney employed by De Cubas & Lewis, P.A. and personally participated in the conduct described herein.

$405.00
TPA-73181

## III. FACTUAL ALLEGATIONS

9. On August 7, 2025, Defendants De Cubas & Lewis, P.A and Pratik R Patel, signed and filed a foreclosure action against Plaintiffs on behalf of Lakeview Loan Servicing, LLC in Hillsborough County Circuit Court (Case No. 25-CA-007637), alleging default on a mortgage note dated February 27, 2023. (**Exhibit A,** foreclosure complaint)
10. Notice of Lis Pendens fraudulently signed and filed on our home by Defendants De Cubas & Lewis, P.A and Pratik R Patel. (**Exhibit B,** notice of Lis Pending)
11. The foreclosure complaint and supporting documents falsely represented that Lakeview was the holder of the note and entitled to enforce the mortgage.
12. On September 23, 2025, Defendants filed a Motion to Dispense with Mediation, stating Plaintiffs "no longer own the property", contradicting the foreclosure complaint's claim that Plaintiffs are liable as borrowers (**Exhibit C:** Motion to Dispense).
13. Defendants relied on altered and fraudulent documents, including a mortgage that had been modified (remove Plaintiff Carlyne Desir name) post-execution, a mortgage satisfaction filed before fraudulent assignment by LoanCare employee Jacqueline VanDerMiller, and an allonge not endorsed to Lakeview. (**Exhibit D,** mortgage and satisfaction)
14. Defendants De Cubas & Lewis, P.A and Pratik R Patel making the statement either knew it was false or was reckless as to whether it was true or false.
15. The foreclosure complaint was a communication in connection with the collection of a debt within the meaning of the FDCPA and FCCPA. (**Exhibit E,** allonge and assignment)
16. By filing false and misleading documents in foreclosure, Defendants sought to enforce a debt not owed and misrepresented the character, status, and legal right to collect the debt.
17. Plaintiffs allege mortgage was securitized and sold to the Federal Home Loan Mortgage Corporation ("Freddie Mac"), rendering Lakeview Loan Servicing, LLC collection efforts unauthorized. The alleged debt is owned by a special purpose vehicle trust, not Lakeview Loan Servicing, LLC. (**Exhibit F:** MERS, history Search and SEC Filings).
18. Defendants and Lakeview Loan Servicing, LLC attempting unlawful enforcement of a nonexistent mortgage debt with Plaintiffs.
19. Plaintiffs do not have a contract with Defendants or Lakeview Loan Servicing, LLC.
20. The **FDCPA** is a federal law designed to protect consumers from abusive, deceptive, and unfair practices by debt collectors. It applies to third-party debt collectors—those who are hired by the creditor to collect the debt, not the original creditor itself. The law sets standards for how debt collectors can interact with consumers and lays out what practices are prohibited.
21. Limitations to Florida's Litigation Privilege. The litigation privilege does not protect an attorney who engages in **fraud** or **malicious prosecution**.
22. If an attorney intentionally misrepresents facts, submits false evidence, or brings a case with **malicious intent,** they **lose their immunity** and held liable for **fraud** or **malicious prosecution. Mathews v. Ketchum, 41 So. 3d 243 (Fla. 2d DCA 2010):** The court ruled that the **litigation privilege** did not extend to actions based on fraudulent misrepresentations, allowing for a claim of **fraud** against an attorney.
23. The privilege does not protect an attorney from liability for **abuse of process,** such as using the judicial process for an improper purpose (e.g., to harass or extort). **Gharbi v. Williams, 919 So. 2d 595 (Fla. 5th DCA 2006):** In this case, the court held that

2

      **litigation privilege** applied to statements made by attorneys in the course of litigation but emphasized that **fraud** or **malice** could void the privilege.
24. Plaintiffs suffered damages including emotional distress, harm to credit reputation, expenses defending the foreclosure, and fear of wrongful loss of their home.

## IV. CAUSES OF ACTION

### COUNT I: VIOLATIONS OF FDCPA (15 U.S.C. §§ 1692e, 1692f)

25. Incorporates paragraphs 1–19.
26. Defendants are debt collectors under 15 U.S.C. § 1692a(6).
27. Defendants used false, deceptive, or misleading representations in connection with the collection of a debt, including falsely representing that Lakeview was the lawful holder of the note and entitled to foreclose.
28. Defendants violated 15 U.S.C. § 1692f by employed unfair and unconscionable means to collect a debt by initiating foreclosure based on fraudulent and altered documents.
29. These acts constitute violations of 15 U.S.C. § 1692e.
30. Plaintiffs suffered actual damages and seek statutory damages of $1,000 per plaintiff per violation under 15 U.S.C. § 1692k.

### COUNT II: VIOLATIONS OF FCCPA (Fla. Stat. § 559.72)

31. Incorporates paragraphs 1–19.
32. Defendants violated Fla. Stat. § 559.72(9) by attempting to enforce a debt they knew or should have known was not legitimate, as shown by non-validation and contradictory claims.
33. Defendants violated Fla. Stat. § 559.72(7) by using deceptive means, including false statements about Lakeview Loan Servicing, LLC was the holder of the note and entitled to enforce the mortgage.
34. Defendants claimed, attempted, and threatened to enforce a debt knowing that such debt was not legitimate or that they had no legal right to do so, in violation of Fla. Stat. § 559.72(9).
35. Plaintiffs suffered actual damages and seek statutory damages of $1,000 per plaintiff per violation under Fla. Stat. § 559.77.

### COUNT III: FRAUDULENT MISREPRESENTATION

36. Incorporates paragraphs 1–30.
37. Defendants knowingly filed and relied upon fraudulent documents, including an altered mortgage and invalid assignment, with intent to induce the court to deny Plaintiffs' motions and proceed with foreclosure.
38. Plaintiffs reasonably relied on these misrepresentations by being compelled to defend against the foreclosure action, incurring damages.
39. Defendants' conduct constitutes fraud under Florida law.
40. Defendants' actions caused financial harm and emotional distress as a direct result, entitling Plaintiffs to compensatory and punitive damages.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, De Cubas & Lewis, P.A. and Pratik R Patel, and award the following relief:

a. Enter judgment in favor of Plaintiffs and against Defendants on all counts.
b. Amount for damages that exceed $1,000,000.00 (One hundred thousand dollars).
c. Actual damages including financial harm, emotional distress and harm to credit reputation;
d. Statutory damages and Punitive damages for fraud as allowed by law;
e. Declaratory judgment that Defendants violated the FDCPA and FCCPA;
f. Injunctive relief prohibiting Defendants from further foreclosure actions based on fraudulent documents; and
g. Such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL,** Plaintiffs demand a jury trial on all claims triable by jury.

## VI. VERIFICATION

Under penalty of perjury, we declare that the foregoing facts are true and correct to the best of our knowledge. Executed on October 20, 2025.

Respectfully submitted,

By: Flint Edwards
12935 Willow Grove Dr
Riverview, FL 33579
cscaselitigation@gmail.com

BY: Carlyne Desir
12935 Willow Grove Dr.
Riverview, FL 33579
cscaselitigation@gmail.com

NOTARY ACKNOWLEDGMENT STATE OF FLORIDA COUNTY OF HILLSBOROUGH
Subscribed before me this 20 day of October 2025.

Signed: _____

Notary name: Terry-Ann Taylor-Beckford

My commission expires: 4/11/2026 (NOTARY SEAL)

TERRY-ANN TAYLOR-BECKFORD
Notary Public
State of Florida
Comm# HH251826
Expires 4/11/2026

4