**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

FLINT B EDWARDS and
CARLYNE DESIR,

     Plaintiffs,

v.                                         Case No. 8:25-cv-2877-TPB-SPF

DE CUBAS & LEWIS, PA, et al.,

     Defendants.

_____/

**<u>ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS</u>**

This matter is before the Court on "Defendant De Cubas & Lewis, P.A's Motion to Dismiss Plaintiffs' Complaint [ECF No. 1] With Prejudice," filed on December 11, 2025. (Doc. 21).  On December 18, 2025, Plaintiffs Carlyne Desire and Flint B. Edwards filed a response in opposition.  (Doc. 23).  After reviewing the complaint, motion, response in opposition, court file, and the record, the Court finds as follows:

**<u>Background</u>**

Plaintiffs have brought this federal action against the law firm and a lawyer responsible for prosecuting a mortgage foreclosure cases against them.  On February 27, 2023, Plaintiffs Flint Edwards and Carlyne Desir executed and delivered a note and mortgage.  Apparently, they have not made a payment on their mortgage since before October 1, 2024.  A foreclosure proceeding has been pending against them in state court since August 7, 2025.

In the instant suit, Plaintiffs allege violations of the federal Fair Debt Collection Practices Act ("FDCPA") (Count I), the Florida Consumer Collection Practices Act

("FCCPA") (Count II), and fraudulent misrepresentation (Count III).  Each of the claims is based on what Plaintiffs contend are Defendants' actions in a state court foreclosure action.

On December 11, 2025, Defendant De Cubas & Lewis, PA filed its motion to dismiss, seeking dismissal with prejudice of all claims.  (Doc. 21).  On April 9, 2026, the Court dismissed Plaintiffs' claims against Defendant Pratik R. Patel for failure to submit a return of service.  (Doc. 39).  On June 26, 2026, this case was transferred to the undersigned as it was deemed related to an earlier filed case, *Desir v. LoanCare, LLC,* No. 8:25-cv-1073 (M.D. Fla.).

## Legal Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing the [plaintiff] is entitled to relief."  Fed. R. Civ. P. 8(a).  While Rule 8(a) does not demand "detailed factual allegations," it does require "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In order to survive a motion to dismiss, factual allegations must be sufficient "to state a claim to relief that is plausible on its face."  *Id.* at 570.

When deciding a Rule 12(b)(6) motion, review is generally limited to the four corners of the complaint.  *Rickman v. Precisionaire, Inc.*, 902 F. Supp. 232, 233 (M.D. Fla. 1995).  Furthermore, when reviewing a complaint for facial sufficiency, a court "must accept [a] [p]laintiff's well pleaded facts as true, and construe the [c]omplaint in the light most favorable to the [p]laintiff."  *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).  "[A] motion to dismiss should concern only the complaint's legal sufficiency, and

is not a procedure for resolving factual questions or addressing the merits of the case." *Am. Int'l Specialty Lines Ins. Co. v. Mosaic Fertilizer, LLC*, 8:09-cv-1264-T-26TGW, 2009 WL 10671157, at \*2 (M.D. Fla. Oct. 9, 2009) (Lazzara, J.).

As Plaintiff in this case is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019).

<u>Analysis</u>

*FDCPA and FCCPA Claims*

To state an FDCPA claim, a plaintiff must establish that he or she "was the object of debt-collection activity." *Dyer v. Choice Legal Group P.A.*, No. Case, 2015 WL 3650925, at \*2 (M.D. Fla. June 11, 2015) (Moody, J.) (explaining that both the FDCPA and FCCPA claims require debt-collection activity). It is well-established that the initiation and prosecution of a state court foreclosure action, without more, does not constitute debt collection. *Id.* (citing *Warren v. Countrywide Home Loans, Inc.*, 342 F. App'x 458, 460 (11th Cir. 2009) (FDCPA claims) and *Trent v. Mortg. Elec. Registration Sys., Inc.*, 618 F. Supp. 2d 1356, 1361 (M.D. Fla. 207) (FCCPA claims)). Consequently, as a matter of law, the acts alleged here – the filing of the foreclosure action by Defendant on behalf of its client and the steps necessary to prosecute the foreclosure – cannot constitute violations

of either the FDCPA or FCCPA.[1]  As such, Counts I and II are due to be dismissed, without leave to amend.

### *Florida's Litigation Privilege*

Defendant contends that Florida's litigation privilege bars all of Plaintiffs' claims. However, Florida's litigation privilege does not apply to claims brought under federal law.  *See id.*, at *1 (M.D. Fla. June 11, 2015) (Moody, J.) (citing *Battles v. Clarfield, Okon, Salomone & Pincus, P.L.*, No. 6:14-cv-1337-Orl-31KRS, 2014 WL 5454411, at *1 (M.D. Fla. Oct. 27, 2014)).  Consequently, this argument for dismissal concerns only Plaintiff's state law claims – Counts II and III.

"Florida recognizes an absolute litigation privilege that must be 'afforded to any act occurring during the course of a judicial proceeding . . . so long as the act has some relation to the proceeding."  *Id.*, at *2 (quoting *Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606, 608 (Fla. 1994)).  In this case, Plaintiffs claim that Defendant violated Florida law by initiating a foreclosure action on behalf of its client, Lakeview Loan Servicing, LLC.  The only acts complained of relate to the foreclosure action.  "The filing and maintenance of a legal action, such as an action in foreclosure, is precisely the kind of activity protected by Florida's litigation privilege."  *Id.*, at *2.  Importantly, it does not matter whether the action is legitimate or premised upon misrepresentations.[2]  *See id.* (citing *Davidson v. Capital One, N.A.*, No.

---

[1] Plaintiffs do not identify any conduct outside of the foreclosure litigation in either their complaint or response in opposition.  Their references to "communications" pertain to statements made within the litigation, such as a representation that Defendant's client had standing to pursue the foreclosure action.

[2] Plaintiffs appear to have anticipated Defendant's litigation privilege argument as Plaintiffs include legal citations in their complaint to assert that the litigation privilege does not extend to actions based on fraudulent misrepresentations.  These cited cases, however, do not exist.  The Court has been unable to locate and review *Mathews v. Ketchum*, 41 So. 3d 243 (Fla. 2d DCA

14-20478-CIV, 2014 WL 3767677, at *5 (S.D. Fla. July 31, 2014)). Consequently, Defendant is entitled to immunity under Florida's litigation privilege as to Plaintiffs' state law claims, and Counts II and III are due to be dismissed, without leave to amend.[3]

### *Other Arguments*

Because each count has been dismissed without leave to amend for the reasons stated above, the Court does not address Defendant's other arguments.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant De Cubas & Lewis, P.A's Motion to Dismiss Plaintiffs' Complaint [ECF No. 1] With Prejudice" (Doc. 21) is **GRANTED**, as set forth herein.

2. The Clerk is directed to terminate all pending motions and deadlines, and thereafter close this case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 1st day of July, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE

---

2010) and *Gharbi v. Williams*, 919 So. 2d 595 (Fla. 5th DCA 2006). Hallucinated cases are common in filings generated by artificial intelligence, but the use of artificial intelligence in these circumstances would not excuse Plaintiffs' citation to nonexistent cases. Any party filing a document with a federal court has an obligation to ensure the veracity of its filings. Fed. R. Civ. P. 11(b).

[3] As previously noted, Count II is also subject to dismissal for a different reason – failure to state a claim because the initiation and prosecution of a state court foreclosure action, without more, does not constitute debt collection.